USDC SCAN INDEX SHEET

















JPP    3/6/01    8:52

3:01-CV-00385    GREEN V. HORNUNG

*1*

*CMP.*

MR. DION M. GREEN, J-22161
RJDCF, F2-07-223L
480 ALTA ROAD
SAN DIEGO, CA  92179



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GREEN, DION )
    PLAINTIFF, )
  )
V. )
  )
THOMAS M. HORNUNG, WARDEN(A), et. al., )
    DEFENDANTS )
_____ )

'01 CV 0385 H (RBB)
NO. _____

REQUEST FOR LEAVE TO A MOTION
FOR A PRELIMINARY INJUNCTION (FRCP 65)


Plaintiff, Mr. Dion M. Green, pursuant to rule 65 (FRCP), request this court to grant him leave to file a request for preliminary, injuction directing defendants in this action to discontinue retaliation and punishment against plaintiff for exercise of Constitutional Rights to access to the court.

Dated: February 21, 2001  /S/ _____

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUCTION

STATEMENT OF CASE

This motion seeks a preliminary injuction to discontinue retaliation and punishment measures aimed against plaintiff, and enjoinder of Defendant's from refusal and neglect to prevent further and continued irreparable injury, loss or damage that violated and deprive plaintiff of the enjoyment of Constitutional Right.

STATEMENT OF FACTS

As set forth in detail in the affidant of Mr. Dion M. Green attached, defendant do not Transfer, injury, or Retaliate, puuish or discriminate against plaintiff for exercising such right. Plaintiff should not be punish for exercising his Constitutional Rights access to the Court, and due process to equal protection of the law.
A retaliation, discrimination, and punishment imposed from the Department of Corrections upon plaintiff for exercising of said rights, and refusal and neglect to prevent further violations depriving plaintiff of the full enjoyment of Constitutional Rights.

## ARGUMENT

(1) Plaintiff is entitled to a preliminary injuction enjoin defendant's from retaliation, discrimination, and punishment for exercise of Constitutional Rights, and from depriving plaintiff of the full enjoyment of Constitutional Rights. A litigant may be grant a preliminary injuction in a State Court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantly harmed if a preliminary injuction is granted. (Richfield Oil Corp. V. U.S. (C.A. 9th 1953) 207 F2d 864. Quaker Action Group V. Hickle (C.A. 1969) 421 F2d 1111, 1116 137 U.S. App. D.C. 176).

### (A) IRREPARABLE INJURY

The lose of Constitutional Rights for short periods of time, Constitutes irreparable injury, (Blrod V. Burns (1976) 427 U.S. 347, 373; Deerfield Medical Center V. City of Deerfield Beach (5th cir. 1981 661 F2d 328, 338).
The deprivation of adequate, meaninful, and effective access to the courts, through retaliation, discrimination, and punishment for exercise of Constitutional Rights clearly violate the Constitution, (Bounds V. Smith (1977) 430 U.S., 17 Perry V. Sinderman 408 U.S. 593, Rizzo 778, F2d at 531; Ryland V. Shapiro (1983) 708 F2d 967, Vaughn V. Trotter (1980) 516 F. Supp 886, Wright 795 F2d at 868 Smith 899 F2d 947-48).
The defendant would like to not be retaliate, discriminate, and punish, for exercising his Constitutional Rights. Plaintiff, if delayed in filling and pursuing his Civil Grievances case, would deny plaintiff due process rights, plaintiff lose or be irreparable barred from legal remedies.

### (B) ABSENCE OF HARM TO THE ADVERSE PARTY

The defendant have no legitimate interest in keeping plaintiff's legal pursuits at risk by and through retaliation, discrimination, and punishment for exercise of Constitutional Rights, thus, there will be no harm, to the defendant's from a preliminary injuction.

### (C) PUBLIC INTEREST

The Public interest is best served when all persons including Prisoner's enjoy unimpaired access to the courts, (see: Bound vs Smith (1977) 430 U.S. 17).

(1) Invalidation of retaliatory and punishment disciplinary reports and actions for use of Constitutional Rights.

(2) Order a hearing on the preliminary injuction request and in lieu of such hearing issue a temporary restraining order enjoining continuance of the above activity by defendants.

(3) Provide such further relief as the court deems appropriate. The preliminary injuction and temporary restraining order should issue against defendants, their officers, agents, servants, employees and attroneys, and upon those persons in active concert or participation with them.

Dated: February 21, 2001                                              /S/ _____

## (D) LIKELIHOOD OF ULTIMATE SUCCESS OF THE MERITS

Plaintiff's likelihood of winning a final judgement, on the issue of denial of adequate, meaningful and effective access filing a grievance againstretaliation discrimination, and punishment for exercise of Constitutional Rights, and Conspiring to deny plaintiff full enjoyment of Constitution Right is reasonably possible. (Sierra Club V. Hickle (CA. 9th 1970) 433 F2d 24, affirmed on other grounds, 405 U.S. 727, S.C.T. 1361, 316. Ed 2d. 636, Ross Whitten y Corp V. Smith, Kline and French Labs (C.A. 9th 1953) 207 F2d 190 see also: Williams Inglis and Sons Baking Co. (C.A. 9th 1975) 526 F2d 86). Wherefore, the court should grant a preliminary injuction as follows:

(1) Enjoin defendant's from retaliation, discrimination, and punishment for exercise of access to the court.

(2) Enjoin defendant's from any retaliation, discrimination, and punishment for exercise of Constitutional Right that is. (1) From imposition of disciplinary reports for use of rights: (2) From deprivation of due process right upon disciplinary or Classification hearing for use of rights. (3) From imposition of Administrative Segregation upon plaintiff for use of rights. (4) From involuntary trasfering plaintiff or transfering him to conditions and housing, which threatening his security for use of rights. (5) From threatening plaintiff of interfering with plaintiff's actions before courts concerning conditions of confinement.

(3) Invalidation of retaliation and punishments disciplinary reports and actions for use of Constitutional Rights.

(4) Enjoin defendant's from confiscating plaintiff's Legal property with out adequate access.

(5) Order a hearing on the preliminary injunction request and in lieu of such hearing issue a temporary restraining order enjoining continuance of the above activity by defendant's.

(6) Provide such further relief as court deems appropriate, the preliminary injuction, and temporary restraining order should issue against defendant's their officer's, agents, servants, employee's and attroneys, and upon those persons in active concert or participantion with them.

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

Mr. Dion M. Green States under penalty offer jury.

(1) I am plaintiff in the above entitled case. I make this declaration in support of my motion for a preliminary injuction.

(2) Defendant's and their agents associates, and persons in concert with them.

Plaintiff is putting this court on notice of his complaint.

**(PLEASE SEE ATTACHED PAGE FOR FACTS)**

(7) On February 21, 2001, plaintiff petitioned defendant's T.M. Hornung, Warden(A), Captain's, Lieutenant's, Sergeant's and any Department of Correction Officer's, to immediately intercede and correct the above matters.

(8) Everyday, plaintiff is subject to retaliation, discrimination, and punishment for exercise of Constitutional Rights represents delay in finishing his rights to file grievances, and not be Infring upon his First Amendment right to file grievances against the Government seeking fairness while working under the color of Authority.

(9) Plaintiff feel that if his preliminary injuction (FRCP) 65 isn't granted, imperative, disciplinary transfering and punishing, my take place for exercising of his Constitutional Rights will constitutes substantial harm.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 21, 2001              /S/ _____

(FACTS)

On February 10, 2001, at approximately 1745 hours, while performing my duties as, Facility II Program Lieutenant's Clerk. While on break, smoking a cigarette in front of Facility II Program Office, speaking to Correctional Officer E. Sparks, while we were talking, Program Sergeant J.N. Clarke, asked Officer Sparks, to go to the Sweat Lodge and tell Officer R. Quintero, to report to the Program Office A.S.A.P. Officer Sparks, and I walked to the Sweat Lodge, located between Housing Unit #10 and the Facility II Gymnasium. As we arrived at the Sweat Lodge, I observed a tent, with smoke coming from within. Officer Sparks, approached the tent, and called for Officer R. Quintero. At this time, an unidentified man emerged from the tent wearing civilian clothes and stated "Officer Quintero is busy." Officer Sparks stated, "let him know that Segreant Clarke, needs to see him at the Program Office, A.S.A.P." Officer Sparks and I departed and returned back to the Program Office, Which at this time, Officer Sparks relayed the message to Sergeant Clarke, that the unidentified civilian said "Officer Quintero was busy." Approximately five(5) minutes later, Officer Sparks went to collect count slips. When he arrived at the area of the Sweat Lodge, we observed Officer R. Quintero, walking on the yard, just outside of the Sweat Lodge, with **NO CLOTHES ON EXCEPT HIS BOXERS ONLY. I OBSERVED OFFICER R. QUINTERO OPEN AN UNSECURED VEHICLE ON THE FACILITY TWO YARD, INFRONT OF THE SWEAT LODGE, AND PROCEED TO PUT ON A CDC OFFICER'S UNIFORM.** I was under the impression that Officer R. Quintero, was **AN INMATE.** Officer Sparks, was under the same impression as well, that's when Officer Sparks, told Quintero, to come here, so he can see his I.D. Card.

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.              Category
1. _____                    1. _____     _____
2. _____                    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR. DION M. GREEN | J-22161 | FACILITY II LIEUTENANT'S CLERK | F2-7-223-LOW |

A. Describe Problem: California Code Regulations, Title 15, Crime prevention and Corrections Division 3, of the Rules and Regulations of the Director of Corrections, Article 1, Section 3004(B) Sub Chapter 4, Article 2, Section 3391(A) Section 3393(B), Section 3394, Section 3406, Section 3276, Operations Manual 31140.4 Further, this appeal shall by pass the informal level pursuant to title 15 3984.5(A)(3)(D) and (G) in that this appeal contends violations of Department Regulations, Policies or Operational Procedures as well as misconduct by a Departmental Peace Officer. 3004(B) Employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within Institutions or to incite or provok violence. 3270 Each employee must be trained to understand how physical Facilities, degree of custody personnal and operative procedure affect the main-
tence of inmate(s) custody         **(PLEASE SEE ATTACHED PAGES)**

If you need more space, attach one additional sheet.

B. Action Requested: That an immediate investigation be conducted into the actions of Correctional Officer, R. Quintero. That the Regional Internal Affairs Department initiate investigatory Procedures in regards to this complaint, that Officer R. Quintero, be immediately discharged from the Department of California Corrections. Until such a time Officer R. Quintero, has been determined not to be a security risk to Donovan State Prison. Furthermore, Appellant

(PLEASE SEE ATTACHED PAGES)
Inmate/Parolee Signature: _____                    Date Submitted: 2/12/01

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____
_____
_____
_____

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____

Signature: _____                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

and Security. The requirments of custodial security and of staff, inmate(s) as well as public safety must consider procedure over all other considerations in the operations of all programs and activites of all institutions within the California Department of Corrections. 3391(A), Employee Conduct, Employee(s) shall be alert, courteous, and professional in their dealing with inmate(s), fellow employees, visitors and members of the public irresponsible, unethical conduct or conduct reflecting discredit on themselves or the Department either on or off duty, shall be avoided by all employee's. 3391(B), "An allegation by a non-inmate of misconduct by a department Peace Officer as defined in section 3219(B), is a citizen's complaint pursuant to Penal Code Section 832.5" 3391(C), "Inmate(s), Staff, who allege misconduct of a Department Peace Officer shall submitt a written complaint to the Institution head in which the Peace Officer is employed. 3391(D) Next appellant contends that Officer conduct acted to violate the Safety and Security of the Institution as Jeopardize Public Safety by creating maintaing as unsafe living enviroment for both Satff and Inmate(s). 3406, Employees must not engage in undue Familiarity with inmate(s). 3394, Employees assigned to Security post positions or to direct Supervisional and Control of Inmate(s) will not engage in any distracting Amusement or Activity while on Assignment. 3414, Every Employee will be issued a Departmental Identification Card. Employees, must while on duty carry such card upon their person and produce the card upon request. 3393(C) All uniformed Peace Officer personnal shall wear clear displayed name plate as a standard item of uniform attire. 31140.4, Operations Manual, The Director has over all responsibility to ensure full Investigation of all alleged employee misconduct.

### 3413. (A)(1)(4)(B)   INCOMPATIBLE ACTIVITY.

No employee of the Department of Corrections will emerge in any other activity inconsistent with employent by the Department of Corrections. Employment and conduct deemed to fall in such categories includes, but is not limited to the following: **(1)** using the prestige or influence of the State or the Department of Corrections for private gain or advantage. **(2)** Employment or particapation in any activity of an illegal nature. **(4)** Violates State or Federal law. **(13)** Conduct activities not related to the mission or work tasks of the Department.

### DEPARTMENT OF PERSONNEL ADMINISTRATION

Rules 597. 960-599 are adopted as follow: Article 29. Substance.

REASONABLE SUSPICION TESTING

Due to Officer R. Quintero suspicion and activities, this Officer should be tested. An employee will be required to submit it to a reasonable suspicion substance test if the Supervisor has a reasonable suspicion to believe that the employee has violated the D.P.A., regulations on the use of controlled substance. A finding of reasonable suspicion must be based on specific articulable observations concerning the appearance, behavior, speech or body odors of the employee (to be documented on the reasonable suspicion check list form).

REASONABLE SUSPICION DETERMINATION SHALL BE DOCUMENTED AS FOLLOWS:

Consistent with Government code section 19572 and the Governor's executive order D-58-86 reasonable suspicion provisions exist when an employee is on duty.

SUPERVISOR RESPONSIBILITIES:

(1) Relieve the employee from duty and escort the employee to a private location.

(2) Obtain and secure employee's weapon (if applicable).

(3) Inform the employee of his/her rights.

(4) Discuss your observation with the employer and determine if there are legitimate medical reasons other than substance abuse that would explain the observed behavior.

(ACTION REQUESTED)

ask the Department under D.O.M. Chapter 3000 discusses, that Correctional Officer R. Quintero, has a Phsychiatric Evaluations and Penal Code starting at (832) calls for ReEvaluations for Phsych Unfitness.

Date: February 10, 2001                                    Respectfully Submitted/

                                                           Mr. Dion M. Green J-22161

(FACTS)

On February 10, 2001, at approximately 1745 hours, while performing my duties as, Facility II Program Lieutenant's Clerk. While on break, smoking a cigarette in front of Facility II Program Office, speaking to Correctional Officer E. Sparks, while we were talking, Program Sergeant J.N. Clarke, asked Officer Sparks, to go to the Sweat Lodge and tell Officer R. Quintero, to report to the Program Office A.S.A.P. Officer Sparks, and I walked to the Sweat Lodge, located between Housing Unit #10 and the Facility II Gymnasium. As we arrived at the Sweat Lodge, I observed a tent, with smoke coming from within. Officer Sparks, approached the tent, and called for Officer R. Quintero. At this time, an unidentified man emerged from the tent wearing civilian clothes and stated "Officer Quintero is busy." Officer Sparks stated, "let him know that Segreant Clarke, needs to see him at the Program Office, A.S.A.P." Officer Sparks and I departed and returned back to the Program Office, Which at this time, Officer Sparks relayed the message to Sergeant Clarke, that the unidentified civilian said "Officer Quintero was busy." Approximately five(5) minutes later, Officer Sparks went to collect count slips. When he arrived at the area of the Sweat Lodge, we observed Officer R. Quintero, walking on the yard, just outside of the Sweat Lodge, with **NO CLOTHES ON EXCEPT HIS BOXERS ONLY. I OBSERVED OFFICER R. QUINTERO OPEN AN UNSECURED VEHICLE ON THE FACILITY TWO YARD, INFRONT OF THE SWEAT LODGE, AND PROCEED TO PUT ON A CDC OFFICER'S UNIFORM.** I was under the impression that Officer R. Quintero, was **AN INMATE.** Officer Sparks, was under the same impression as well, that's when Officer Sparks, told Quintero, to come here, so he can see his I.D. Card.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dion Green | 01 MAR -5 PM 2:22<br>CLERK, Thomas M Hornung<br>SOUTHERN DISTRICT OF CALIFORNIA |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego Co<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego Co<br>(IN U.S. PLAINTIFF CASES ONLY)   DEPUTY<br>BY:<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Dion M Green J-22161<br>RJDCF F2-07-223L<br>480 ALTA ROAD<br>SAN DIEGO CA 92179 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983pr   01cv0385-H(RBB)**

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE                               Docket Number

DATE  3-5-01   SIGNATURE OF ATTORNEY OF RECORD  /s/ Stottlemyer